1   Mark G. Tratos (Bar No. 1086)
    tratosm@gtlaw.com
2   F. Christopher Austin (Bar No. 6559)
    austinc@gtlaw.com
3   Laraine M. I. Burrell (Bar No. 8771)
    burrelll@gtlaw.com
4   GREENBERG TRAURIG, LLP
    3773 Howard Hughes Parkway
5   Suite 400 North
    Las Vegas, Nevada 89169
6   Telephone: (702) 792-3773
    Facsimile: (702) 792-9002

7   Counsel for Defendant
    MORTGAGEIT, INC.

8

9

                    UNITED STATES DISTRICT COURT

10

11                        DISTRICT OF NEVADA

12

13  HEIDI DUFFY,                         NO. 2:09-CV-001780-JCM-GWF

14                 Plaintiff,

15  vs.                                  **DEFENDANT, MORTGAGEIT, INC.'S
                                         MOTION TO DISMISS FOR FAILURE
16  ONE WEST BANK as successor-in-       TO STATE A CLAIM PURSUANT TO
    interest; TRUSTEE CORPS;             FRCP 12(b)(6)**
17  MORTGAGEIT; DOES I through 100,
    inclusive,

18                 Defendants.

19

20

21          Pursuant to Fed.R.Civ.P. 12 (b) (6), Defendant, MORTGAGEIT, INC.

22  ("MORTGAGEIT"), by and through its counsel of record, GREENBERG TRAURIG, LLP,

23  hereby moves to dismiss the Complaint filed by Plaintiff, HEIDI DUFFY, ("Duffy" or

24  "Plaintiff"), for failure to state a claim upon which relief can be granted.

25          This Motion is made and based upon the following Memorandum of Points and

26  Authorities, all papers and pleadings on file herein, and the argument of counsel to be

27  / / /

28  / / /

LV 418,920,312v3 9-16-09

1 | made at the time of the hearing.

2 |         DATED:  September 16, 2009.

3 |                                   GREENBERG TRAURIG, LLP

Mark G. Tratos (Bar No. 1086)
F. Christopher Austin (Bar No. 6559)
Laraine M. I. Burrell (Bar No. 8771)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Counsel For Defendant
MORTGAGEIT, INC.

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

- 2 -

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2 **I. BACKGROUND INFORMATION**

3     **A. Introductory Statement**

4        The claims and allegations in Plaintiff's Complaint concern a foreclosure action,

5 and claims of other irregularities related to real property located at 213 Night Fall

6 Terrace, Henderson, Nevada. (The "Subject Property").[1] This Complaint is likely a form

7 document obtained online for a few dollars, or from a "foreclosure shop" by the *Pro Se*

8 Plaintiff and has no factual connection to any specific aspect of Plaintiff's loan with

9 MortgageIT. It is also likely that the Plaintiff, a bartender at a local casino, did not draft

10 the allegations contained in the Complaint the crux of which is that the loan was a

11 disguised securities transaction and the issuance of the unregulated security was

12 without proper authority and in violation of the United States Securities and Exchange

13 Commission ("SEC") rules and regulations. (Complaint ¶ 9(b) & (c)).

14        The Complaint includes the following allegations by the Plaintiff:

15     • The mortgage transaction was in reality a disguised securities transaction which

16        the lender and other unknown parties would transfer to other third parties who

17        would sell portions or "tranches"[2] to other investors so that all parties - except

18        Plaintiff - would profit from the scheme. (Complaint ¶ 9 (b)).

19 Plaintiff has not alleged any factual basis as to what a securities transaction is, and why

20 the subject mortgage met the elements to be considered a securities transaction versus

21 being a "regular" mortgage. Plaintiff's vague and overbroad allegations concerning

22 "unknown parties," "third parties," and "other investors" strongly suggests there might be

23 others responsible for Plaintiff's alleged harm while nothing in this allegation suggests

24 any wrongdoing by MortgageIT, nor does it identify how the alleged conduct is wrongful

25 or violation of a securities violation.

26

27 [1] Plaintiff assert eight claims for relief: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Negligence; (4) Fraud/Misrepresentation; (5) Civil Conspiracy; (6) Rescission; (7)

28 Wrongful Foreclosure; (8) Quiet Title; and (9) Injunctive Relief, Against All Defendants.

[2] Plaintiff has failed to define "tranches" which is generally used in the investment arena to identify one of a number of related securities.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 418,920,312v3 9-16-09

1

2

3

4

- Defendant did not fulfill its duty owed to the Plaintiff by misrepresenting, or omitting critical facts, which would have apprised Plaintiff that the process was not a "normal mortgage loan," but was in fact a "concealed securities transaction." (Complaint ¶23).

5   Plaintiff has failed to identify a single fact establishing why she believed her mortgage

6   loan was not "normal;" what a "normal" loan is and how her loan differed from the

7   "norm." In addition, she has failed to identify what factual basis she has to believe it was

8   a "concealed securities transaction." Again, nothing in this statements alleges any

9   wrongdoing by MortgageIT.

10

11

12

13

14

- Defendant has been the beneficiary of government bailouts that also satisfy the terms of the "note" and said bailouts constitute payment as well. Defendant also failed to inform Plaintiff of the nature of the "money trail" which would prove the terms of the note were different from that originally presented to her. (Complaint ¶26).

15   No factual basis is given as to why Plaintiff believes any defendant to this action has

16   received a government bailout and what relevance it has to this action, or the loan on

17   the Subject Property. Plaintiff has also failed to give any factual basis as to why she

18   believes the "note" was paid by a government bailout and that she was relieved of her

19   obligations to make payments on the loan when no such terms and conditions are

20   identified in the Deed of Trust. Plaintiff has also failed to give any facts as to why she

21   believes the terms of the note were different from any terms provided to her in writing

22   concerning the loan with MortgageIT.

23   Regarding Plaintiff's causes of action, to have standing to bring a claim based

24   upon foreclosure or an irregularity in the sale procedure of real property, the Plaintiff

25   must first establish that no failure of performance to tender mortgage payments existed

26   on her part. (*Collins v. Union Federal Savings & Loan Ass'n.*, 99 Nev. 284, 304, 662

27   P.2d 610623 (1983)). Plaintiff has not tendered the undisputed amount and therefore

28   does not have standing to bring any of her claims. The Complaint should be dismissed

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

- 4 -

1  in its entirety.

2  Plaintiff intentionally misrepresents her knowledge and understanding of real
3  estate transactions to this Court. Plaintiff alleges that the Defendants took advantage of
4  her "lesser knowledge, skill, education and training regarding complicated mortgage
5  loans and the securities transactions they create and contain." (Complaint ¶ 17). Yet
6  Plaintiff purports to have a sufficient understanding of mortgage loans and securities
7  transactions to be able to draft a Complaint herself making allegations of securities
8  violations, and for filing this lawsuit "*pro se.*" Moreover, as public records show, Plaintiff
9  is well-versed in mortgage transactions and upon information and belief, had owned a
10 least one residence in Las Vegas prior to purchasing the Subject Property.[3]  In fact, the
11 subject loan was a refinance on the same Subject Property showing that the Plaintiff
12 had gone through the loan process previously, and apparently without any
13 misunderstandings on her part. (See Copy of Uniform Residential Loan Application,
14 attached to  Request for Judicial Notice Exhibit F.)

15 Upon information and belief, Plaintiff misrepresents her understanding of loan
16 agreements and other transactions related to the real property.  It is inequitable for
17 Plaintiff to attempt to gain an unfair advantage by failing to make full and truthful
18 disclosures to this Court and to Defendants.

19 **B.    Plaintiff's Allegations**

20 Based on vague, non-committal averments, Plaintiff purports to state the following
21 claims against all Defendants: (1) Breach of Contract; (2) Breach of the Covenant of
22 Good Faith and Fair Dealing; (3) Negligence; (4) Fraud/Misrepresentation; (5) Civil
23 Conspiracy; (6) Rescission; (7) Wrongful Foreclosure (8) Quiet Title; and (9) Injunctive
24 Relief.  Despite the difficulty of ascertaining the nature and basis of the Plaintiff's claims,
25 all of the causes of action stated in the Complaint appear to be based on the following
26 factual predicates:

27

28
---
[3]   See Printout from Clark County Recorder's Website attached to Request for Judicial Notice as Exhibit L.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 418,920,312v3 9-16-09

- On or around October 2006, Plaintiff entered into an agreement with MortgageIT to re-finance her existing loan. (Complaint ¶ 8).

- The lender, MortgageIT was only acting as a "front" for unknown, undisclosed third parties who were the true source of the funds for the loan. (Complaint ¶ 9(e)).

- Shortly following the closing of the loan, in or around February 2007, the loan was transferred to Indymac Bank who became the servicer of the loan. (Complaint, ¶8).

Plaintiff refers to all Defendants interchangeably, even though there are considerable differences in the roles played by each Defendant in this matter.  As to Defendant MortgageIT, the following predicate facts are relevant as they limit MortgageIT's involvement and obligations in this matter:

- In or about October 16, 2006, Plaintiff entered into an agreement with Defendant MortgageIT to re-finance her existing loan. (Complaint ¶ 8).

- Shortly following the loan closing, on January 4, 2007, the loan was transferred to Indymac Bank, who became the "servicer" of the loan." [4] (Complaint ¶ 8).

To the extent Plaintiff's allegations and claim for relief are premised upon the loan actually being a "disguised securities transaction" and a violation of SEC rules and regulations, they should be dismissed.  Plaintiff has alleged no facts to show what a securities transaction is, how any mortgage becomes a securities transaction, and how the loan at issue became a securities transaction.  Plaintiff has failed to allege which documents or information provided to her by MortgageIT created a securities transaction, or which documents violate SEC rules and regulations.

Plaintiff ignores the fact that the disclosures made to her, and documents and information provided to her by MortgageIT were mandated by Federal law as is clearly shown in the documents themselves.  Importantly, Plaintiff acknowledged receipt of

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

---

[4] See MERS print out attached to Request for Judicial Notice as Exhibit H).

these documents in writing.[5]   Plaintiff takes the untenable position that the federal government promotes, and in fact mandates, securities violations by requiring lender to follow a particular loan process, and to provide particular disclosures, to a borrower. Such a position is factually and legally unsound.

Addressing Plaintiff's claims for relief, any claims arising out of the Truth In Lending Act disclosures, or RESPA disclosures are time-barred under the one-year statute of limitations for these claims. 15 U.S.C. § 1640(e) and 12 U.S.C. § 2614. Further, any claims based upon fraud fail to identify the time, place and manner of the fraud and, as such, are lacking in the factual specificity required under Fed.R.Civ.P. 9(b), and must be dismissed.  Plaintiff's claims based upon an alleged "duty" owed to her by MortgageIT should be dismissed because the general rule is that as a Lender, MortgageIT does not owe a duty of care to Plaintiff and she has failed to allege any basis as to why the general rule is not applicable in this instance.

Finally, Plaintiff acknowledges that MortgageIT transferred any interest on the Subject Property early in 2007.  As such, MortgageIT is not in a position to Quiet Title in the Plaintiff nor is there a contractual relationship currently between the parties which can be rescinded.  Also, there is no ongoing conduct by MortgageIT concerning the Subject Property which can be enjoined.

As for the remaining claims, Plaintiff has failed to allege any wrongdoing by MortgageIT which would constitute the basis for these claims, nor has she alleged how any harm caused to her was actually or proximately caused by MortgageIT.  Plaintiff's claims should be dismissed.

C.    **Plaintiff's *Pro Se* Status Is Suspect**

Although Plaintiff, a bar tender, claims to be in "*Proper Person*," based upon the complex allegations concerning, among others, unsecured transactions and violations of SEC rules and regulations, she appears to have been aided in the preparation of the Complaint by others that are legally trained. Therefore, Plaintiff should not be given the

---

[5] See documents attached to Request for Judicial Notice filed concurrently herewith.

LV 418,920,312v3 9-16-09

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1   latitude ordinarily afforded to pro se Plaintiff or "held to less stringent standards than

2   formal pleadings drafted by lawyers." *Crawley v. Astrue*, 2008 WL 4790111 *4 (D. Nev.

3   2008).

4         **D.    Plaintiff's Alleged Violations Concern RESPA And TILA   Documents**

                   **She Signed In Relation To The Loan On The Subject Property And,**

5                      **Therefore, Plaintiff's Claims Arise Under Federal Law.**

6         Even though Plaintiff has failed to identify any federal statutes in the Complaint,

7   Plaintiff's claims arise under federal law because they allege insufficient disclosure of

8   information and documents which MortgageIT is required to give to Plaintiff under

9   federal housing and lending Acts.

10         Attached to MortgageIT's Request For Judicial Notice are documents executed

11   by Plaintiff concerning the loan on the Subject Property and which include a Truth In

12   Lending Statement required under the Federal Truth In Lending Act ("TILA"), 15 U.S.C.

13   § 1601 *et seq.*; and disclosures required under the Real Estate Settlement Procedures

14   Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*    (*See* the Truth In Lending Disclosure

15   Statement, and RESPA Disclosure Statement, attached to Request For Judicial Notice

16   as Exhibits I, and J,). Moreover, pursuant to Paragraph 16 of the Deed of Trust, the

17   Deed is to be governed by federal law. (*See* Deed of Trust, ¶ 16, attached to Request

18   for Judicial Notice, Exhibit A). MortgageIT was required by federal law to make certain

19   disclosures to Plaintiff at various times in the loan transaction process and Plaintiff

20   signed documents acknowledging receipt of these disclosures.

21         In fact, on HUD's website consumers are advised:

22        RESPA is about closing costs and settlement procedures.   RESPA

requires that consumers receive disclosures at various times in the

23        transaction and outlaws kickbacks that increase the cost of settlement

services. RESPA is a HUD consumer protection statute designed to help

24        consumers be better shoppers in the home buying process, and is

enforced by HUD.

25

26   (*See* Print out from HUD website at http://www.hud.gov/offices/hsg/sfh/res/respa_hm.cfm

27   attached to Request for Judicial Notice as Exhibit G.)  Plaintiff alleges that:

28   / / /

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1    • Plaintiff  learned of predatory lending practices which took place in the subject
2      loan in violation of federal statutes and regulations; (Complaint ¶ 9).

3    • Defendants failed to disclose relevant information to Plaintiff (Complaint ¶ 13);

4    • Defendants failed to provide accurate, truthful and complete information
5      (Complaint ¶ 24);

6    • Plaintiff was mislead regarding the nature of the loan. (Complaint ¶ 18).

7    • Defendants misrepresented the nature of the loan (Complaint ¶ 28);

8    • Defendants were bound by the written agreements with Plaintiff (Complaint ¶ 16);

9    • Defendants omitted or misrepresented critical facts concerning the subject loan.
10     (Complaint ¶ 23).

11       Plaintiff's claims relate to allegations of insufficient or wrongful disclosure of
12   information and documents received from Defendants and which are required to be
13   given to Plaintiff under federal law.   MortgageIT respectfully requests this Court take
14   Judicial Notice of the loan documents which are the basis of the Plaintiff's allegations
15   and claims and submitted attached to its Request for Judicial Notice.

16   **II.    MORTGAGEIT'S OBLIGATIONS UNDER THE FEDERAL HOUSING ACTS:**

17       MortgageIT was required under the federal housing acts, including the Real
18   Estate Settlement Procedures Act ("RESPA") and the Truth In Lending Act ("TILA"), to
19   provide mandatory forms and disclosures to Plaintiff as part of the loan process.  These
20   disclosures included providing definitions of key terms, an explanation of the loan
21   process, and a breakdown of the fees and payments involved in the loan on the Subject
22   Property, including the RESPA Disclosure Statement, the HUD (Department of Housing
23   and Urban Development) Settlement Statement, and the Truth In Lending Disclosure
24   Statement all of which are sanctioned by the federal government, and federal law.
25   Plaintiff's allegations that providing such information and documents constitutes the
26   creation of an unsecured transaction which violates SEC rules and regulations, infer that
27   the federal government itself promotes these alleged securities violations.  In addition,
28   Plaintiff's allegations infer that mortgages that follow the same process and procedures

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1   as involved in her loan, which MortgageIT believes might well be in the tens if not

2   hundreds of thousands of home loans are, in fact, unsecured transactions and violate

3   SEC regulations.  As a matter of law such transactions do not violate SEC rules and

4   regulations.

5   **II.   LEGAL ARGUMENT**

6          Dismissal under Rule 12(b)(6) is proper when a complaint fails "to state a claim

7   upon which relief can be granted." (Fed.R.Civ.P. 12(b)(6)). The standard of review is

8   rigorous as a court must "construe the pleading liberally and draw every fair inference in

9   favor of the non-moving party." Simpson v. Mars, Inc., et al., 113 Nev. 188, 190, 929

10  P.2d 966, 967 (Nev. 1997), citing Vacation Village v. Hitachi America, 110 Nev. 481,

11  484, 874 P.2d 744, 746 (Nev. 1994). "All factual allegations of the complaint must be

12  accepted as true." Id. "A complaint will not be dismissed for failure to state a claim

13  unless it appears beyond a doubt that the plaintiff could prove no set of facts which, if

14  accepted by the trier of fact, would entitle him or her to relief." Id. "The test for

15  determining whether allegations of a complaint are sufficient to assert a claim for relief is

16  whether the allegations give fair notice of the nature and basis of a legally sufficient

17  claim and the relief requested." Id.

18         Taking Plaintiff's factual allegations as true, Plaintiff fails to state a claim against

19  MortgageIT.  MortgageIT sold the note on the Subject Property in January, 2007 and,

20  therefore does not have title to the note, or standing to foreclose on the property.  Also,

21  Plaintiff admits she is no longer in privity of contract with MortgageIT because IndyMac

22  is identified as the Trustee of the Subject Property meaning MortgageIT cannot give

23  Plaintiff any contract-based relief she seeks.  The remaining claims are time-barred

24  under the applicable statutes of limitations.  As Plaintiff has failed to assert any valid

25  claim against MortgageIT, all claims must be dismissed in their entirety.

26  / / /

27  / / /

28  / / /

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

- 10 -

III.   **THIS COURT SHOULD GRANT MORTGAGEIT'S MOTION TO DISMISS BECAUSE PLAINTIFF HAS NO STANDING TO BRING THE COMPLAINT AND BECAUSE SHE FAILS TO STATE A CLAIM AGAINST MORTGAGEIT FOR WHICH RELIEF CAN BE GRANTED**

   A.   **Plaintiff Does Not Have Standing To Bring Her Claims Based Upon Foreclosure Or Irregularities In The Sale Process Of The Subject Property Because Of Failure To Tender:**

Plaintiff has no standing to bring claims concerning the Subject Property because she failed to tender payments when due. FPCIRE-HAB 01 v. E&G Invs., Ltd., 207 Cal.App.3d 1018, 1021 (1989).

> An action for tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's part which would have authorized the foreclosure or exercise the power of sale.

Collins v. Union Federal Savings & Loan Ass'n., 99 Nev. 284, 304, 662 P.2d 610, 623 (1983). This tender requirement applies to any cause of action for irregularity in the sale procedure. To challenge the validity of a foreclosure action, a plaintiff must tender the undisputed amount due and owning on the secured indebtedness. Abdallah v. United Savings Bank, 43 Cal.App.4th 1101, 1109 (1996).

Courts have explained:

> This rule . . . is based upon the equitable maxim that a Court of Equity will not order a useless act performed . . . if Plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to Plaintiffs.

FPBI Rehab 101 v. ENG Investments, Ltd., 207 Cal.App.3d 1018, 1021 (Cal.Ct.App. 1989). If a borrower who has defaulted on payments requests that a court exercise its equitable powers in granting declaratory or injunctive relief, the borrower must first "do equity" himself. Nolm, LLC v. County of Clark, 120 Nev. 736, 742, 100 P.3d 658, 663 (2004); see also, Overhead Door Co. of Reno, Inc. v. Overhead Door Corp., 103 Nev. 126, 127, 734 P.2d 1233, 1235 (1987). The tender rule is strictly enforced and, absent an alleged and actual tender, the Complaint in its entirety fails to state a claim upon which relief can be granted. Karlsen v. Am. Sav. & Loan Ass'n., 15 Cal.App.3d 112, 117

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1   (1971).

2      Plaintiff failed to establish that no breach of condition or failure of performance

3 existed on her part which would have authorized the foreclosure or exercise the power

4 of sale.  Plaintiff defaulted on payments concerning the Subject Property, and she has

5 failed to tender the full amount owed on her mortgage loan.  This is fatal to Plaintiff's

6 claims.  Without tender, she has no standing to set aside any foreclosure sale or bring

7 claims based upon alleged irregularities concerning the sale of the subject property.

8 Accordingly, the Complaint should be dismissed in its entirety pursuant to Fed.R.Civ.P.

9 12(b)(6) for failure to state a claim upon which relief can be granted.

10     **B.**    **Plaintiff's Claims For Relief Against MortgageIT Must Be Dismissed**

11         **Because They Are Claims Arising Under Federal Housing And Loan Acts And Are Time-Barred Under The Applicable Limitations Period**

12      Plaintiff's claims against MortgageIT are based on conduct relating to the loan

13 agreement with MortgageIT entered into on October 16, 2006.  Plaintiff's allegations

14 concerning this loan agreement include a the loan being inappropriate for its purported

15 purpose, (Complaint ¶ 18), failing to provide accurate, truthful and complete information

16 (Complaint ¶ 22), and making false misrepresentations to Plaintiff. (Complaint ¶¶ 48 -

17 61).  Despite these numerous allegations concerning loan documents and information,

18 Plaintiff fails to attach any related or relevant documents to her Complaint.

19      The procedures and processes concerning home loans and mortgages are

20 strictly regulated by numerous federal acts including Federal Truth In Lending Act

21 ("TILA"), 15 U.S.C. § 1601 et seq.; the Home Ownership and Equity Protection Act

22 ("HOEPA"), within Regulation Z, 12 C.F.R. § 226; and the Real Estate Settlement

23 Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.  Even though Plaintiff has made

24 no reference to these federal laws, the Acts themselves dictate that MortgageIT abide

25 by these laws when conducting residential loan transactions.  (See generally, the TILA,

26 and RESPA).  In fact, evidence shows that Plaintiff signed numerous documents

27 required to be provided to them under these federal acts. (See Deed of Trust executed

28 by Plaintiff, Truth In Lending Statement and RESPA Servicing Disclosure attached to

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1   the Request for Judicial Notice as Exhibits A, I, and J, respectively).

2   Even though Plaintiff failed to specifically identify provisions of the TILA, and

3   RESPA, any of Plaintiff's claims conceivably arising under the TILA, and RESPA as

4   against MortgageIT are time-barred under the applicable one year statute of limitations

5   (15 U.S.C. § 1640(e) and 12 U.S.C. § 2614).  Plaintiff admits she entered into the loan

6   agreement with MortgageIT in October, 2006.  Plaintiff filed this lawsuit on August 24,

7   2009, well beyond the one year limitations period.   Plaintiff's claims based on

8   misrepresentations and other irregularities concerning the loan obtained from

9   MortgageIT on the Subject Property must be dismissed.

10          **C.     Plaintiff's Claims For Relief Against MortgageIT Must Be Dismissed
               Because They Fail To State A Claim Against MortgageIT Under Rule
11             12(b)(6).**

12   Fed.R.Civ.P. 12(b)(6) authorizes a court to dismiss the Complaint for failure to

13   state a claim upon which relief can be granted. (Fed.R.Civ.P. 12(b)(6)). To survive a

14   motion to dismiss, the Complaint must be sufficiently pled to show the Plaintiff is entitled

15   to relief.  On a motion to dismiss, the court must accept well-pleaded factual allegations

16   as true, and reasonable inferences are to be drawn in the Plaintiff's favor.  Tellabs, Inc.

17   v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007)).  However, only "fair"

18   inferences must be accepted by the court.  Simpson v. Mars, Inc., 929 P.2d 966, 967

19   (Nev. 1997).  Bald contentions, unsupported characterizations, and legal conclusions

20   are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.  G.K.

21   Las Vegas, Ltd. P'ship v. Simon Prop. Group, Inc., 460 F.Supp.2d 1246, 1261 (D. Nev.

22   2006).

23   "The test for determining whether allegations of a complaint are sufficient to

24   assert a claim for relief is whether the allegations give fair notice of the nature and basis

25   of a legally sufficient claim and the relief requested."  Simpson v. Mars, Inc., et al., 113

26   Nev. 188, 190, 929 P.2d 966, 967 (Nev. 1997), citing Vacation Village v. Hitachi

27   America, 110 Nev. 481, 484, 874 P.2d 744, 746 (Nev. 1994).

28   MortgageIT reasonably believes when viewing the allegations in the Complaint in

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

- 13 -

1 | the light most favorable to the Plaintiff, there is an absence of facts, and no cognizable

2 | legal theory upon which Plaintiff can prevail on any claim against MortgageIT.

3 |    1.    Plaintiff Cannot Prevail On Her First Claim For Relief For Breach Of Contract Because She Fails To Identify Which Contract Was Breach, By Whom And How And Failed To Plead Any Non-Performance Or Breach By MortgageIT.

6 | Plaintiff cannot prevail on her breach of contract claim because she fails to plead

7 | the elements of the claim with sufficient particularity under Rule 8 or with "enough facts

8 | to state a claim to relief that is plausible on its face. Gowen v. Tiltware, LLC, 2009 WL

9 | 1441653 *3 (D.Nev.)  To prevail on a Breach of Contract claim, the Plaintiff must

10 | establish through her factual allegations that: (1) there was a contract; (2) plaintiff

11 | performed under the agreement or that her non-performance was excused; (3)

12 | MortgageIT's breach; and (4) the resulting damages to Plaintiff. Id. Plaintiff pleads only

13 | that:

14 | • Plaintiff and Defendant entered into various written agreements connected with the subject mortgage loan.

15 |

16 | • Plaintiff diligently performed each task she was required to do under the terms of the agreement

17 | • Plaintiff discontinued making payments

18 | • Defendant failed to perform in good faith and lacked full disclosure necessary to fulfill the obligations

19 |

20 | • Defendants caused Plaintiff damages.

21 | (Complaint ¶¶ 12 - 14).

22 | Plaintiff's claim fails because first, she fails to identify which of the "various

23 | agreements" was breached and by which Defendant, and what was the nature of the

24 | breach, for example, how did the Defendant not perform according to the terms of the

25 | agreement?  Second, she cannot claim she has herself fulfilled her obligations under

26 | any agreement when she admits she ceased payments on the mortgage when she

27 | discovered the alleged "wrongful behavior of Defendant."  Importantly, she fails to offer

28 | sufficient facts as to how, when and where she discovered the alleged "wrongful

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

- 14 -

1  behavior" or why she believed she was then relieved of her own obligations to make
2  payments under the agreement.  She also fails to offer facts as to what she did when
3  she "began seeking remedies which could cure the matter." (Complaint ¶12).

4  The loan agreement with MortgageIT consisted of documents and disclosures
5  mandated by the Federal housing statutes.  Plaintiff has not alleged that MortgageIT
6  failed to provide her with any of these mandated disclosures. The loan agreement with
7  MortgateIT was for the purpose of refinancing the Subject Property and for the Plaintiff
8  to continue residing at the Subject Property.  Plaintiff has failed to allege any facts
9  establishing how MortgageIT breach an agreement, or failed to perform when Plaintiff's
10 loan was refinanced as contracted, and when Plaintiff continued to live at the Subject
11 Property for approximately three (3) years after the loan was entered into.  Moreover,
12 MortgageIT transferred the loan agreement in January 2007 and Plaintiff would have to
13 establish that the alleged breach occurred sometime between October 2006 when the
14 loan was entered into, and January 2007 when the loan was transferred.  The facts
15 establish that Plaintiff did receive the benefit of the bargain she entered into, namely
16 refinancing the loan and residing at the Subject Property.  Plaintiff has failed to allege
17 any breach by MortgageIT that is plausible and this claim must be dismissed.

18                2.      Plaintiff Cannot Prevail On Her Second Claim For Breach Of Duty
19                        Of Good Faith And Fair Dealing Because She Has Failed To
                          Identify Any Wrongful Conduct By MortgageIT Occurring After
20                        August 2006 And That MortgageIT's Conduct Was The Actual Or
                          Proximate Cause Of Plaintiff's Alleged Harm

21 An implied covenant of good faith and fair dealing is recognized in every contract
22 under Nevada law.  Pemberton v. Farmers Ins. Exchange, 109 Nev. 789, 792-93, 858
23 P.2d 380, 382 (1993).  The implication is that a contract must exist before this covenant
24 can be recognized.  Further, any breach of the covenant can only occur after the
25 contract is formed.  Plaintiff admits she entered into a contract with MortgageIT in
26 August 2006.  Therefore, to prevail on a claim for breach of covenant of good faith and
27 fair dealing against MortgageIT, Plaintiff must establish that MortgageIT's breach
28 occurred sometime after October 2006.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

- 15 -

LV 418,920,312v3 9-16-09

1   Plaintiff's allegations are vague stating only that, Defendants were bound by the
2   agreements, oral or written made by and between Defendants and Plaintiff. (Complaint
3   ¶ 16), and that "Defendants violated their duties and breached the covenant of good
4   faith and fair dealing." (Complaint ¶ 18).   Plaintiff fail to establish not only what duty
5   MortgageIT as a lender owed to Plaintiff, but also what the breaching conduct by
6   MortgageIT was, and that the alleged breach occurred after October 2006, and before
7   the note was sold.

8   An implied covenant of good faith and fair dealing prohibits arbitrary or unfair acts
9   by one party that work to the disadvantage of the other. <u>Nelson v. Heer</u>, 123 Nev. 26,
10   163 P.3d 420, 427 (Nev. 2007).   To prevail on her claim, Plaintiff must not only establish
11   that MortgageIT engaged in an arbitrary or unfair conduct some time after October
12   2006, but also that the conduct was the actual or proximate cause of harm or
13   disadvantage to Plaintiff.   Moreover, Plaintiff acknowledges that MortgageIT transferred
14   the note to MERS, and that it is IndyMac Federal Bank which is now claiming title to the
15   Subject Property. (Complaint ¶ 9).

16   Plaintiff claims she suffered "severe economic and personal damages," as result
17   of Defendants' conduct." (Complaint ¶ 18).   However, a "Plaintiff must establish that
18   defendants' violation was both the "but for" and proximate cause of a concrete financial
19   injury."   <u>Izenberg v. ETS Services, LLC</u>, 2008 WL 5179088 *5 (C.D. Cal. 2008)).
20   Plaintiff does not establish how her alleged damages were caused by "Defendants'
21   failures," or that any damages she may have incurred under this claim were actually or
22   proximately caused specifically by MortgageIT.   Plaintiff has no cognizable claim against
23   MortgageIT and this claim must be dismissed.

24             3.      Plaintiff Cannot Prevail On Her Third Claim For Negligence
                       Because Plaintiff Has Failed To Establish Any Duty Or Breach By
25                     MortgageIT, Or Shown That MortgageIT Was The Proximate And
                       <u>Actual Cause Of Plaintiff's Harm.</u>
26

27   Plaintiff's claim fails as a matter of law because she fails to allege a valid duty
28   owed by MortgageIT to Plaintiff.   To prevail on a claim for negligence against

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 418,920,312v3 9-16-09

1  MortgageIT, Plaintiff must set forth allegations sufficient to establish the following
2  elements of negligence: (1) that MortgageIT owed Plaintiff a duty of care; (2) that
3  MortgageIT breached that duty; (3) that the breach was the legal and proximate cause
4  of Plaintiff's harm; and (4) that Plaintiff suffered damages.  Hammerstein v. Jean Dev.
5  West, 111 Nev. 1471, 1475, 907 P.2d 975, 977 (1995).

6       Plaintiff "creates" the following duties and attempts to assign them to MortgageIT:
7  (1) a duty to perform professional services in a reasonable and prudent manner,
8  including accurately and truthfully representing information concerning the loan; and (2)
9  a duty to deal honestly, directly, and accurately with the Plaintiff." (Complaint ¶ 22).  No
10  such duties exist as a matter of law and Plaintiff's claims must fail.

11       MortgageIT is a financial institution and as "a general rule, a financial institution
12  owes no duty of care to a borrower when the institution's involvement in the loan
13  transaction does not exceed the scope of its conventional role as the mere lender of
14  money." Nymark v. Heart Fed. Sav. & Loan Ass'n., 231 Cal.App.3d 1089, 1096, 283
15  Cal.Rptr. 53, 56 (1991).  The Plaintiff has not alleged, nor could she support such an
16  allegation, that MortgageIT's involvement in the loan exceeded the scope of its
17  conventional role as a lender of money to Plaintiff.

18       Plaintiff alleges vaguely that Plaintiff was not apprised by an unnamed Defendant
19  that the process was not a normal loan, that the loan was a concealed securities
20  transaction, and Defendant continued to attempt to recover monies it was no longer
21  owed, and foreclosed on the Subject Property.  (Complaint ¶23).  However, Plaintiff
22  offers no factual basis that the loan was not "normal," that the loan was a "concealed
23  securities transaction," or explain factually what monies were attempted to be recovered
24  by which Defendant.  Significantly, MortgageIT did not foreclose on the subject property
25  as Plaintiff acknowledges in the Complaint when she states "in or around February,
26  2007, the loan was transferred to Indymac Bank." (Complaint ¶ 8).  None of these
27  allegations establish any wrongdoing by MortgageIT.

28       Plaintiff's claim continues with allegations of predatory lending, claims that the

LV 418,920,312v3 9-16-09

1  loan was an unregulated security and violated SEC rules and regulations and that the

2  appraisal of the Subject Property was wrongfully inflated. (Complaint ¶9). Importantly

3  these allegations purported were conducted by "aggregators, brokers and other third

4  parties," not MortgageIT. (Complaint ¶ 9). None of these allegations appear to have

5  any relevance to a claim for "Negligence," nor do they allege any wrongdoing by

6  MortgageIT, or establish a duty was owned to Plaintiff by MortgageIT.

7      Finally, Plaintiff does not establish how her alleged damages she may have

8  incurred under this claim were actually or proximately caused specifically by

9  MortgageIT. Plaintiff has no cognizable claim against MortgageIT and this claim must

10  be dismissed.

11      4.    Plaintiff Cannot Prevail On Her Fourth Claim For Relief For
            Fraud/Misrepresentation Because Plaintiff Fails To Plead The Claim

12            With The Particularity Required Under Fed.R.Civ.P. 9(b).

13      "It is well established in the Ninth Circuit that both claims for fraud and negligent

14  misrepresentation must meet Rule 9(b)'s particularity requirement." G.K. Las Vegas

15  Limited Partnership v. Simon Property Group, 460 F.Supp.2d 1222, 1224 (D. Nev.

16  2006); see also Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F.Supp.2d 1086,

17  1093 (C.D. Cal. 1996). Plaintiff fails to plead the elements of fraud with the particularity

18  required under Nevada law and this claim must be dismissed. (FRCP 9(b)). Under Rule

19  9(b), a plaintiff is required to plead facts as to **time, place** and **substance of the fraud**,

20  specifically detail the defendant's allegedly **wrongful acts**, including **when** they

21  occurred and **who** engaged in the misconduct. Cooper v. Pickett, 137 F.3d 616, 627

22  (9th Cir. 1997) [Emphasis added]. Averments of fraud must be specific enough to put a

23  defendant on notice of the particular misconduct the defendant is alleged to have

24  committed so that the defendant can properly defend against the allegations. Vess v.

25  Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104 (9th Cir. 2003). Plaintiff fails to allege the

26  time, place and substance of any fraudulent act by MortgageIT so her claim must fail as

27  a matter of law.

28      Under Nevada law, the elements of fraud are: (1) a false representation made by

- 18 -

LV 418,920,312v3 9-16-09

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone. (702) 792-3773
Facsimile. (702) 792-9002

1  the defendant; (2) defendant's knowledge or belief that the representation was false (or
2  insufficient basis for making the representation); (3) defendant's intention to induce the
3  plaintiff to act or refrain from acting in reliance upon the misrepresentation; (4) plaintiff's
4  justifiable reliance upon the misrepresentation; and (5) damages to the plaintiff resulting
5  from such reliance. Bulbman, Inc. v. Nev. Bell, 108 Nev. 105, 825 P.2d 588, 592
6  (1992).

7      Plaintiff does not allege that MortgageIT made a false representation to her, that
8  MortgageIT knew the representation was false, that MortgageIT intended to induce
9  Plaintiff to act, or refrain from acting in reliance upon the misrepresentation, that the
10 Plaintiff justifiably relied upon the representation and how; and how Plaintiff was
11 damaged by relying on the misrepresentation.

12     Plaintiff does not allege fraud with sufficient particularity as required under FRCP
13 9(b), or in any understandable way for MortgageIT to determine what is at issue.
14 Finally, Plaintiff does not establish what damages were caused to her, when and by
15 whom, or that any damages she might have incurred were actually or proximately
16 caused by Mortgage. Plaintiff has no cognizable claim against MortgageIT and this
17 claim must be dismissed.

18          5.      Plaintiff Cannot Prevail On Her Fifth Claim For Relief For Civil
19                  Conspiracy Because Plaintiff Has Failed To Plead That There Was
                    A Meeting Of The Minds Between Two Or More Defendants To Act
20                  For An Unlawful Purpose.

21     Plaintiff has not sufficiently pled the elements of a civil conspiracy which is
22 defined as "a combination of two or more persons who, by some concerted action,
23 intend to accomplish some unlawful objective for the purpose of harming another which
24 results in damage. Ungaro v. Desert Palace, Inc., 732 F.Supp. 1522, 1532 (D. Nev.
25 1989) (citing to Collins v. Union Federal Sav. & Loan, 99 Nev. 284, 662 P.2d 610, 622
26 (1983)).

27     To state a cause of action for conspiracy the complaint must allege: (1) the
28 formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile (702) 792-9002

- 19 -

1   thereto; and (3) the damage resulting from such act or acts. Id. "The sine qua non of a

2   conspirational agreement is the knowledge on the part of the alleged conspirators of its

3   unlawful objective." Id. "The alleged facts must show either expressly or by reasonable

4   inference that Defendant had knowledge of the object and purpose of the conspiracy,

5   that there was an agreement to injure the Plaintiff, that there was a meeting of the minds

6   on the objective and course of action, and that as a result one of the defendants

7   committed an act resulting in the injury. Id.

8        Plaintiff's claim fails because there could never be a conspiracy between the

9   Defendants in this action.  MortgageIT sold the note in January 2007, and Indymac

10  Bank assumed the note in January 2007. At no time did the two defendants have a

11  concurrent interest in the loan, or the Subject Property. As civil conspiracy requires "two

12  or more persons" and as Plaintiff has failed to identify one, let alone two or more,

13  involved in this conspiracy the claim fails. Thus there could never be a "meeting of the

14  minds" between the two Defendants in this action, which is a required element of this

15  claim.  Id.  At the time MortgageIT entered into the loan on the Subject Property with

16  Plaintiff, Indymac Bank was not even in the picture so no action by MortgageIT during its

17  brief holding of the note could be done to benefit Indymac as a co-conspirator.

18  Similarly, at the time when Indymac Bank obtained an interest in the loan on the Subject

19  Property, MortgageIT had relinquished all of its interest in the loan such that no action

20  by Indymac Bank could benefit MortgageIT, nor has Plaintiff alleged that it did.

21       The claim also fails because she fails to allege how MortgageIT's involvement in

22  the loan on the Subject Property became an "unlawful objective" and when.  Nor has

23  she alleged how MortgageIT had knowledge of the "unlawful objective."   Further,

24  Plaintiff has failed to allege how MortgageIT's "wrongful" actions were to further its own

25  interest, and to cause injury to her.  MortgageIT is not liable for any injury which is

26  incidental. Id.

27       Plaintiff's mere allegations of a civil conspiracy violation, do not suffice to

28  adequately plead the requisite defendant intent to accomplish an unlawful objective.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

- 20 -

1  This claim fails and should be dismissed against MortgageIT.

2          6.      Plaintiff Cannot Prevail On Her Sixth Claim For Relief For She

3                    Failed To Exercise Her Three Day Right To Rescind And Has
Failed To Establish Why She Is Excused From This Time
Limitation.

4

5  Congress enacted the HOEPA as an amendment to the TILA, 15 U.S.C. § 1601

6  *et seq.* (Pub. L. 103-325, 108 Stat. 2160). Any disclosure violation arising under this

7  statute is barred by the one year statute of limitations under 15 U.S.C. § 1640(e).

8  Plaintiff admits she entered into a loan agreement with MortgageIT in October 2006

9  more than a year prior to the filing of this Complaint in August 2009. Plaintiff's claim

10  under the HOEPA is time-barred as against MortgageIT.

11  Additionally, Plaintiff seeks rescission. (Complaint ¶ 42). Under RESPA:

12      The consumer may exercise the right to rescind until midnight of the
third business day following the occurrence described in paragraph

13      (a) (1) of this section that gave rise to the right of rescission . . .

14  12. C.F.R. § 226.15 (a) (3). Plaintiff fails to allege facts to show that her claim is

15  excused from the three day limitation on the right to rescind, measured from the date of

16  closing on the loan which Plaintiff admits was October 16, 2006.

17  Additionally, Plaintiff has not established that she has standing to bring this claim

18  under the HOEPA. To be entitled to seek rescission under 12 C.F.R. § 226.15, Plaintiff

19  must first establish that she met the notice requirement.

20  This sub-section of the HOEPA states:

21      To exercise the right to rescind, the consumer shall notify the creditor
of the rescission by mail, telegram, or other means of written

22      communications.

23  12 C.F.R. § 226.15 (a)(2). Plaintiff does not allege any facts showing she timely notified

24  MortgageIT in writing that she intended to exercise her right of rescission. Plaintiff's

25  Complaint alleges only that she notified OneWest Bank, as successor-in-interest to

26  Indymac Bank a Notice of Rescission which has no bearing on the loan agreement with

27  MortgageIT.

28  Finally, by Plaintiff's own admission, MortgageIT no longer has any title, right or

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

- 21 -

1    interest in the Subject Property.  The note was assigned to Indymac Bank in January

2    200, and upon information and belief as been reassigned since.  MortgageIT is no

3    longer in privity of contract with Plaintiff and there is no current and binding contract to

4    rescind.  This claim against MortgageIT must be dismissed.

5                    7.    Plaintiff Cannot Prevail On Her Seventh Claim For Relief For
                           Wrongful Foreclosure Against MortgageIT Because MortgageIT
6                          Relinquished All Interest In The Subject Loan Years Ago And Is Not
                           Involved In Any Foreclosure Action Against The Subject Property.

7

8            Plaintiff brings this claim but alleges no facts that a foreclosure on the Subject

9    Property has occurred, when it occurred, or who instigated the action.  Importantly,

10   Plaintiff has failed to allege that MortgageIT was involved in any manner in the "wrongful

11   foreclosure" particularly when Plaintiff acknowledges that MortgageIT relinquished any

12   right it had in the Subject Property in early 2007. (Complaint ¶ 8).

13           Under Nevada law, "[a]n action for the tort of wrongful foreclosure will lie if the

14   trustor or mortgagor can establish that at the time the power of sale was exercised or

15   the foreclosure occurred, no breach of condition or failure of performance existed on the

16   mortgagor's or trustor's part which would have authorized the foreclosure or exercise of

17   the power of sale."  Collins v. Union Federal Savings and Loan, Assoc., 99 Nev. 284,

18   304, 662 P.2d 610 (1983).

19           Plaintiff has not alleged when the foreclosure on the Subject Property occurred or

20   alleged that on that date she had performed all of her obligations under the loan

21   agreement, including making all payments due at that time, and that the foreclosure was

22   wrongfully brought.  Plaintiff's allegations instead go off on a tangent citing to alleged

23   violations of Nevada's Deceptive Trade Practices Act, specifically NRS §598.0195, and

24   a discussion of rescission, binding arbitration, wrongfully using Plaintiff's identity, and a

25   "windfall" that third parties are trying to gain.    (Complaint  ¶  ¶  47-61).    Plaintiff's

26   allegations under this claim are confusing and MortgageIT reasonably believes Plaintiff

27   intended to bring the claim under NRS§ 598D which is the standard claim for relief that

28   Plaintiffs in these mortgage foreclosures action have brought.    Plaintiff's claim is

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone  (702) 792-3773
Facsimile  (702) 792-9002

- 22 -

1  confusing and on that basis alone is insufficient to meet the notice requirements of Rule

2  8.

3      Regardless, MortgageIT has brought no foreclosure action against the Subject

4  Property and logically cannot be charged with wrongful foreclosure.  As such, this claim

5  must be dismissed.

6              8.   Plaintiff Cannot Prevail On Her Eighth Claim For Relief For Quiet
                   Title Against MortgageIT Because MortgageIT Does Not Have The
7                  Ability To Quiet Title In The Subject Property In Plaintiff.

8      Plaintiff's claim to Quiet Title in herself appears to be directed at OneWest Bank

9  which she alleges is not entitled to foreclose on the Subject Property because it is, "not

10  presently the true owner of the note and holder in due course, nor entitled to possession

11  of the property located at 213 Night Fall Terrace, Henderson, Nevada 89015," nor is it

12  entitled to foreclose on the property.  (Complaint ¶ 65).  None of her allegations under

13  this claim are addressed specifically to MortgageIT or identify any wrongdoing by

14  MortgageIT.

15     Plaintiff admits that after she entered into the loan agreement with MortgageIT in

16  October 2006, MortgageIT transferred the loan to Indymac Bank." (Complaint ¶8).  By

17  Plaintiffs' own admission, MortgageIT does not have title to the Subject Property and

18  cannot, therefore, give Plaintiff the Quiet Title relief she seeks.  This claim against

19  MortgageIT must be dismissed.

20     Additionally, Plaintiff has failed to assert that she has good title and is entitled to

21  bring a claim to quiet title.  In a quiet title action, the burden of proof rests with the

22  plaintiff to prove good title in himself.  Ernie v. Trinity Lutheran Church, 51 Cal.2d 702,

23  336 P.2d 525 (1959);  Olsen v. Park Daughters Investment Company, 29 Utah 2d 421,

24  511 P.2d 145, 146 (1973).  Plaintiff has failed to allege the essential elements for a

25  claim for quiet title, and this claim must be dismissed.

26     Finally, Plaintiff fails to allege that any particular conduct by MortgageIT was the

27  actual or proximate cause of any harm to Plaintiff.  As Plaintiff fails to sufficiently allege

28  a claim against MortgageIT, this claim must be dismissed.

- 23 -

1
2

    9.    **Plaintiff Cannot Prevail On Her Ninth Claim For Relief For Injunctive Relief Against MortgageIT Because There Is No Ongoing Conduct By MortgageIT Which Can Be Enjoined.**

3      Plaintiff cannot prevail on this claim against MortgageIT because she admits that

4 MortgageIT sold the note on the Subject Property after the loan closed on October 16,

5 2006. (Complaint ¶8). Plaintiff acknowledges that MortgageIT assigned its right to

6 Indymac Bank. (Complaint ¶8). Plaintiff alleges it now a successor-in-interest,

7 OneWest Bank who is "currently" involved in the foreclosure action against the Subject

8 Property. (Complaint ¶¶ 65, 71). By omission, Plaintiff acknowledges that MortgageIT

9 <u>was not</u>, and <u>is not</u> involved in any foreclosure action against the Subject Property.

10 Thus, there is no action by MortgageIT concerning the foreclosure that can be

11 restrained, enjoined or for which the Plaintiffs are entitled to damages.

12      Significantly, Plaintiff does not establish how her alleged damages or entitlement

13 to equitable relief were actually or proximately caused specifically by MortgageIT,

14 particularly when she has failed to allege any action was taken by MortgageIT in relation

15 to the foreclosure. Therefore, Plaintiff's claim for injunctive relief is inappropriate and

16 should be dismissed

17 **III.    CONCLUSION**

18      Based upon foregoing reasons, MortgageIT believes it has met its burden to

19 prevail on a motion to dismiss. MortgageIT respectfully requests that its motion be

20 granted and that all claims against MortgageIT be dismissed.

21      DATED: 16 September 2009.

22                   GREENBERG TRAURIG, LLP

24                   Mark G. Tratos (Bar No. 1086)
F. Christopher Austin (Bar No. 6559)
25                   Laraine M. I. Burrell (Bar No. 8771)
3773 Howard Hughes Parkway
26                   Suite 400 North
Las Vegas, Nevada 89169
27                   Counsel For Defendant
MORTGAGEIT CORPORATION

LV 418,920,312v3 9-16-09

1

**CERTIFICATE OF SERVICE**

2    I hereby certify that on September 16, 2009, I served the foregoing

3  **DEFENDANT, MORTGAGEIT, INC.'S MOTION TO DISMISS FOR FAILURE TO**

4  **STATE A CLAIM PURSUANT TO FRCP 12(b)(6) on:**

5        Heidi Duffy
         213 Night Fall Terrace
6        Henderson, Nevada 89015

7        Plaintiffs in Proper Person

8

9
by causing a full, true, and correct copy thereof to be sent by the following indicated
10
method or methods, on the date set forth below:

11
     __x__   by mailing in a sealed, first-class postage-prepaid envelope, addressed to
12           the last-known office address of the attorney, and deposited with the
             United States Postal Service at Las Vegas, Nevada.
13
     _____   by hand delivery.
14
     _____   by sending via overnight courier in a sealed envelope.
15
     _____   by faxing to the attorney at the fax number that is the last-known fax
16   number
     _____   by electronic mail to the last known e-mail address
17
     DATED:  September 16, 2009.
18

19

20

21   An employee of Greenburg Traurig

22

23

24

25

26

27

28

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

LV 418,920,312v3 9-16-09